**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 29, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FREDERICK BANKS,

      Plaintiff-Appellant,

v.

VIO SOFTWARE; THREE MONKEY
KARAOKE; and WARREN DO,

      Defendants-Appellees.

No. 07-1339
(D.C. No. 07-cv-00587-ZLW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

      Plaintiff-Appellant Frederick Banks, a federal prisoner, appears *pro se* and

appeals from a district court decision dismissing, pursuant to 28 U.S.C. §

1915(e)(2)(B), his civil rights claim. Mr. Banks' complaint challenged the

alleged conversion of two checks, amounting to $110,000, by Defendants-

---

[*]After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Appellees. He brought his claim under 42 U.S.C. § 1983 and 28 U.S.C. § 1343, positing that Defendants-Appellees Vio Software and Three Monkey Karaoke had acted under color of state law because they are businesses incorporated in the state of Colorado. The district court rejected this theory as legally frivolous and dismissed Mr. Banks' complaint *sua sponte*. Thereafter, the court denied Mr. Banks' motion to reconsider and amend his complaint, and, lastly, denied him the privilege of proceeding on appeal *in forma pauperis* ("IFP"). We exercise jurisdiction under 28 U.S.C. § 1291, and dismiss Mr. Banks' appeal as frivolous.

## I.    Background

Mr. Banks is incarcerated at the Federal Correctional Institution in Yazoo City, Mississippi. He alleges that on September 30, 2003, the Defendants-Appellees sent him two checks in the sum of $110,000 by FEDEX. The checks were made payable to Hexagon Records and Hexagon LLC and were issued by Bank One.[1] However, Mr. Banks alleges, the checks were "no good" and "Defendants never returned the merchandise or reinbursement [sic] of the $110,000." Mr. Banks does not specify what "merchandise" the Defendant-Appellees failed to return, nor does he further illuminate the factual

---

[1]Frederick Banks is the sole officer of Hexagon LLC, a limited liability company registered in Pennsylvania. See Banks v. 3311 E. Carson Street, No. 04-1771, Magistrate Report and Recommendation, Dkt. 174 at 3, n.4 (W.D.P.A. May 24, 2007). Hexagon Records is a trade name owned by Hexagon LLC. Id. at 3 n.3.

2

circumstances underlying his suit. Cognizant of the "color of law" requirement for a § 1983 suit, Mr. Banks asserts that Defendants-Appellees Vio Software and Three Monkey Karaoke "are corporations or LLC's incorporated in Colorado," and therefore "acted under color of state law" when they deprived him of rights protected by the Due Process and Equal Protection clauses of the Fourteenth Amendment of the U.S. Constitution.

Having noted its obligation to construe Mr. Banks' *pro se* complaint liberally, the district nonetheless dismissed it as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Citing Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970), the district court concluded that Mr. Banks failed to allege facts supporting his assertion that the Defendants acted under color of state law. Without any such facts, Mr. Banks could not support an arguable claim, see Neitzke v. Williams, 490 U.S. 319, 324-25 (1989), rendering it frivolous. In a motion styled a "Motion for Reconsideration of Order and Judgment of Dismissal" and "Motion to Amend Complaint," Mr. Banks challenged the district court's decision. Discerning no reason to reconsider or permit amendment, the court reiterated its earlier decision that the claim was frivolous. Finally, the court also denied Mr. Banks leave to proceed IFP on appeal.

## II.    Discussion

The federal IFP statute, codified as 28 U.S.C. § 1915, opens the federal courts to indigent litigants. Neitzke, 490 U.S. at 324. By doing so, the statute

3

creates the risk that filers, freed from the obligation to prepay fees or costs, will commence "frivolous, malicious, or repetitive lawsuits." Id. Accordingly, to impede such lawsuits, Congress provided for the *sua sponte* dismissal of "frivolous or malicious" suits under § 1915(e)(2)(B)(i). See id. Likewise, § 1915(e)(2)(B)(ii) provides for the dismissal "at any time if the court determines that" the suit "fails to state a claim on which relief may be granted." A suit "is frivolous where it lacks an arguable basis either in law or fact" or is "based on an indisputably meritless legal theory." Neitzke, 490 U.S. at 325, 327.

"Mindful that pro se actions are held to a less stringent standard of review and that sua sponte dismissals are generally disfavored by the courts, we nonetheless allow a complaint to be dismissed under [§ 1915(e)(2)(B)] 'if the plaintiff cannot make a rational argument on the law and facts in support of [his] claim.'" Whitney v. New Mexico, 113 F.3d 1170, 1172 (10th Cir. 1997) (quoting Yellen v. Cooper, 828 F.2d 1471, 1475 (10th Cir. 1987)). We review a district court's determination that a suit is frivolous under § 1915 for an abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992). If the "frivolousness determination turns on an issue of law," we review the underlying legal determination *de novo*. Fogle v. Pierson, 435 F.3d 1252, 1259 (10th Cir. 2006). Of course, § 1915(e)(2) commands that this court *dismiss* – rather than merely affirm – any appeal that we deem frivolous. 28 U.S.C. § 1915(e)(2) ("[T]he court

shall dismiss the case at any time if the court determines that . . . (B) the action or appeal" meets the criteria for *sua sponte* dismissal.).

Mr. Banks' theory is simple: because Vio Software and Three Monkey Karaoke were incorporated in the state of Colorado, they necessarily are state actors. It is also simply incorrect and frivolous as a matter of law. See, e.g., Yanaki v. Iomed, Inc., 415 F.3d 1204, 1207-10 (10th Cir. 2005) (concluding that company had not acted under color of law without any discussion of fact that it was incorporated under state law). Cf. San Francisco Arts & Athletics, Inc. v. U.S.O.C., 483 U.S. 522, 543-44 (1986) ("All corporations act under charters granted by a government, usually by a State. They do not thereby lose their essentially private character."). Even a minimal research effort would have made this evident. As such, Mr. Banks' appeal is frivolous and we hereby dismiss it, as mandated by § 1915(e)(2)(B). We also note that both this dismissal and the district court's dismissal count as strikes under 28 U.S.C. § 1915(g). See Jennings v. Natrona County Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999).

Finally, because Mr. Banks has failed to present a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 812 (10th Cir. 1997) (quotation omitted), we deny his motion to proceed IFP on appeal. In addition, we direct

5

him to make full and immediate payment of the outstanding balance of the appellate filing fees for this appeal.

## III. Conclusion

In light of the foregoing, we **DENY** Mr. Banks' request to proceed IFP on appeal and **DISMISS** his appeal. Accordingly, we assess two strikes against him, one for filing a frivolous matter in the district court and one for taking a frivolous appeal.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

6